IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RAHMAD LASHAD GEDDES,

    Petitioner,

v.

MATTHEW MARSKE,

    Respondent.

OPINION AND ORDER

Case No. 19-cv-608-wmc

Petitioner Rahmad Lashad Geddes is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Geddes' petition for a writ of habeas corpus under 28 U.S.C. § 2241. Geddes was originally charged in the District of Minnesota on three counts: (1) sex trafficking by force, fraud or coercion in violation of 18 U.S.C. § 1591; (2) transportation to engage in prostitution in violation of 18 U.S.C. § 2421; and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Geddes seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that the defendant knows he belongs to a group covered under the statute barring possessions of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. Rule 4 requires the dismissal of a petition "if it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief." For the reasons that follow briefly, the court will deny Geddes' petition since it is plain that he is not entitled to relief under *Rehaif*.

FACTS[1]

Between January 6 and 14, 2014, Geddes traveled in and around the Duluth, Minnesota, and Superior, Wisconsin, area with an 18-year-old female, Grace Shriner. During that period of time, Geddes picked up and sold cocaine, including on one occasion, exchanging cocaine for two handguns. At one point during their travels, Geddes also proposed that Schreiner engage in prostitution, and she felt compelled to comply. Geddes advertised Schreiner's services, and she engaged in two acts of prostitution.

Geddes was ultimately indicted on three charges: (1) sex trafficking by force, fraud or coercion in violation of 18 U.S.C. § 1591; (2) transportation to engage in prostitution in violation of 18 U.S.C. § 2421; and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The case proceeded to a jury trial, and with respect to the § 922(g) felon-in-possession count in particular, the jury was presented as evidence the following statement stipulated to by the government and Geddes:

> The United States of America, Defendant Rahad Lashad Geddes, and his attorney, Thomas C. Plunkett, stipulate that at all times relevant to this matter defendant had been convicted in a court of competent jurisdiction of at least one felony offense, that is, an offense punishable by imprisonment for a term exceeding one year.

---

[1] The court draws the following facts from Geddes' petition, as well as his underlying criminal case, *United States v. Geddes*, No. 14-cr-394-DWF-LIB (D. Minn. filed Nov. 13, 2014), and the Eighth Circuit Court of Appeals' opinion affirming his convictions, *United States v. Geddes*, 844 F.3d 983 (7th Cir. 2017).

*Id.*, Trial Tr. vol. II, dkt. #88, at 226.  Additionally, when Geddes testified during trial, he admitted to being a felon:

> Q:  All right.  Not to get you off track, but we've already heard some people talk about some prior convictions that you've had.
> A:  Yes.
> Q:  And you don't dispute that you're a felon?
> A:  Yes, I'm a felon.  Yes, I am.
> Q:  Okay.  And, in fact, that terroristic threat was a felony that we heard testimony about; is that correct?
> A:  Yes, it was.
> Q:  It's also true that in 2011 that you committed an assault in the fifth degree?
> A:  In 2011?
> Q:  Yes.
> A:  I had a fifth degree assault.  I don't know what year, but it was a fifth degree assault, yes.
> Q:  Okay.  That was also a felony?
> A:  Yes.

*Id.* Trial Tr. vol. IV, dkt. #89, at 893-94.  At the conclusion of the three-day trial, the jury found Geddes guilty on all three counts.  *Geddes*, No. 14-cr-394-DWF-LIB, dkt. #74.

In preparation for sentencing, both the government and Geddes also submitted position statements acknowledging that Geddes' criminal history included convictions for home invasion in Illinois, numerous disorderly conduct charges, first degree assault of an officer, and simple assault.  *Geddes*, No. 14-cr-394-DWF-LIB, dkt. #98 at 9-11, dkt. #97 at 10-11.  On November 25, 2015, the district court sentenced Geddes to 282 months' imprisonment, finding that Geddes qualified as an armed career criminal and career offender.  *Id.*, Sent. Tr., dkt. #116, at 17-18.  Afterward Geddes appealed, and the Eighth Circuit affirmed his convictions.  *Geddes*, 844 F.3d 383.

Geddes next filed a *pro se* motion to vacate under 28 U.S.C. § 2255, claiming that his trial counsel was ineffective in failing to challenge his career offender and armed career

criminal classifications, and that his appellate counsel was similarly deficient in failing to raise those challenges on appeal. *Geddes*, No. 14-cr-394-DWF-LIB, dkt. 135. On December 11, 2017, the district court denied Geddes' motion in full, concluding that Geddes had not established that either of his attorneys had performed deficiently. *Id.*, dkt. #151. The Eighth Circuit denied Geddes' application for a certificate of appealability, *id.*, dkt. #162, and the United States Supreme Court denied Geddes' petition for a writ of certiorari, *id.* dkt. #165.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner in petitioner's situation who has already filed a § 2255 motion also faces a second hurdle, allowing pursuit of relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e). To invoke the savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*,

4

695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

As this court has previously held in similar *Rehaif*-based claims, Geddes' petition satisfies the first element, since *Rehaif* involved a statutory interpretation. There is also a legitimate question as to whether *Rehaif* is retroactive. On one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)). On the other hand, no other court of appeals, including the Seventh Circuit, has reached any conclusion on this specific question, and respondent has suggested in another case in this district court that claims under *Rehaif should* be brought under § 2241. *See Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019).

However, the court need not resolve the question of retroactivity, since it is apparent that Geddes cannot show he suffered a miscarriage of justice, since no reasonable jury could have concluded that the government failed to meet its burden of proving a violation of § 922(g)(1) even after *Rehaif*. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. Applying *Rehaif* statutory interpretation to Geddes's case, the government's burden includes proving beyond a reasonable doubt that Geddes knew, at

5

the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1).

Geddes does not contend that in January of 2014 he was unaware of his felony status as defined by § 922(g)(1); instead, he simply states that he was not found guilty of violating § 922(g)(1) "because the jury was not so instructed." (Dkt. #1 at 6.) Even assuming the jury had been instructed that before finding Geddes guilty, it must find beyond a reasonable doubt that he knew he was a felon at the time of commission of the gun possession offense in 2014, the overwhelming evidence submitted during trial, including his stipulation that he was a felon *and* his testimony, readily admitting to being a felon many times over, make such a finding a foregone conclusion. Moreover, Geddes has not offered *any* basis for the court to infer that the government might have failed to meet its burden with respect to Geddes's knowledge. Accordingly, there is *no* plausible basis for the court to conclude a miscarriage of justice occurred. *E.g., United States v. Gilcrest*, 792 F. App'x 734, 739 (11th Cir. Nov. 25, 2019) (finding, on plain error review, that the record of the criminal proceedings showed that "at the time of the offense, [defendant] knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status."). Accordingly, *Rehaif* provides Geddes no basis for relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability

when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since Geddes has failed to make a plausible argument that he was unaware that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the court will not issue petitioner a certificate of appealability.

## ORDER

IT IS ORDERED THAT:

1. Petitioner Rahmad Lashad Geddes' petition under 28 U.S.C. § 2241 is DENIED.
2. No certificate of appealability will issue.

Entered this 29th day of May, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge